# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICROSOFT CORPORATION,                )
                                      )
        Plaintiff,                )    Case No.: 2:16-cv-0452-GMN-VCF
  vs.                                 )
                                      )    **ORDER**
JULIANNA PAK, et al.,                 )
                                      )
        Defendants.               )
                                      )

On April 7, 2017, the Court entered a Stipulated Permanent Injunction and Consent Judgment against Defendants Julianna Pak and Mark Pak (collectively "Defendants"), which resolved Plaintiff Microsoft Corporation's ("Plaintiff's) claims against Defendants. (ECF Nos. 45, 46). This Consent Judgment, however, did not address Defendants' Third-Party Complaint, which asserts claims against fictitious "John Doe" Third-Party Defendants.

As a general rule, "the use of Doe pleading is disfavored in federal court." *Turner v. County of Los Angeles*, 18 F. App'x 592, 596 (9th Cir. 2001); *see also Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings."). When pleading-amendment deadlines have expired and no leave to amend a complaint has been requested, a party is no longer entitled to substitute new defendants for fictitious defendants. *Romero v. Nevada Dep't of Corr.*, No. 2:08-CV-808-JAD-VCF, 2013 WL 6206705, at *4 (D. Nev. Nov. 27, 2013); *see also Maestrini v. City and County of San Francisco*, No. C 07-2941 PJH, 2009 WL 814510, at *11-12 (N.D.Cal. Mar. 26, 2009).

Here, the deadline to amend the pleadings and add parties was August 23, 2016. Defendants have failed to substitute new parties for the fictitious ones or request additional

time to do so. As the deadline to amend the pleadings has expired, Defendants cannot possibly win relief on their Third-Party Complaint.

On July 19, 2017, the Court issued a Minute Order requiring Defendants to respond to the Court's concerns. The Court warned that failure to respond would constitute consent to the dismissal of the Third-Party Complaint. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (stating that a court may dismiss a complaint *sua sponte* for failure to state a claim). To date, Defendants have not responded to the Court's Order, and the deadline to do so has now passed. Accordingly, **IT IS HEREBY ORDERED** that the Third-Party Complaint is dismissed without prejudice.

The clerk of court is instructed to close the case.

**DATED** this \_\_\_3\_\_\_ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court